IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARALLEL DESIGN & DEVELOPMENT LLC )<br>and )<br>RICKY L. EDMONDS )<br>)<br>Defendants. )<br>) | ) Civil Action No. 4:10-cv-00068<br>) (formerly 3:09cv800) |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A BRIEFING SCHEDULE IN SUPPORT OF ITS CONTEMPLATED SUMMARY JUDGMENT MOTION

COMES NOW the Defendant, and as and for his Memorandum in Opposition to Plaintiff's Motion for a Briefing Schedule, sets forth the following:

### ARGUMENT

The Defendant incorporates herein those matters which he set forth in his Memorandum in Opposition to the Plaintiff's Motion for a Protective Order and further respectfully suggests that the issues of the unique circumstances underlying damages caused by compounds in and around Chinese Drywall are not amenable to summary disposition at this stage of the proceedings. Undersigned counsel respectfully submits herein an Affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure which Defendant suggests will establish the necessity for discovery and the development of a factual record on the issues stated therein.

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be rendered if *the pleadings, the discovery and disclosure materials* on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis supplied). Rule 56(f) permits the non-moving party the opportunity to demonstrate by affidavit that discovery is necessary when the moving party is seeking summary judgment prematurely. Rule 56(f) provides, "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... [amongst other things] deny the motion." Fed.R.Civ.P. 56(f). It is therefore improper for a district court to rule on summary judgment without first ruling on a pending Rule 56(f) affidavit. *See Anderson v. Liberty Lobby*, 477 U.S. at 250 n.5 (Rule 56(f) implies "that summary judgment be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition."); *see also Sutton v. Roth, LLC*, 361 Fed. Appx. 543, 549, 2010 WL 235143, *5 (4th Cir. 2010); *Harrods Ltd. V. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002); *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). "The rule is intended to safeguard against judges swinging the summary judgment axe too hastily." *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994).

The standard set by the Fourth Circuit Court of Appeals when considering Rule 56(f) issues provides: "We will not reverse a denial 'unless there is a clear abuse of discretion or, unless there is a real possibility the party was prejudiced by the denial of the extension.'" *Ingle*, 439 F.3d at 195, *quoting, Strag v. Bd. Of Trustess*, 55 F.3d 943, 954 (4th Cir. 1995). And, "the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Id., quoting, VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475

(9th Cir. 1986). This Court held in *Ingle* that "courts should hesitate before denying Rule 56(f) motions when the party opposing summary judgment is attempting to obtain necessary discovery of information possessed only by her opponent." *Ingle*, 439 F.3d at 196-97; *Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (where missing "fact was 'wholly within the knowledge of' the [moving party] and was essential to [non-movant]'s claim, the denial of Rule 56(f) motion constituted an abuse of discretion.").

Attached as Exhibit A hereto is the FRCP 56(f) Affidavit of undersigned counsel which we respectfully request the Court to consider in permitting appropriate discovery prior to the consideration of a FRCP 56 Motion for Summary Judgment when the record is not ripe for such a summary disposition in a case of loss which poses significant and complex questions of fact and science.

## CONCLUSION

The Court should stay the consideration of a Rule 56 Motion until discovery has been completed and the matter is properly ripe for determination.

**RICKY L. EDMONDS**

By: _____/s/_____
          Of Counsel

Michael F. Imprevento, Esquire (VSB No. 23926)
John W. Drescher, Esquire (VSB No. 13656)
Jeffrey A. Breit, Esquire (VSB No. 18876)
Breit, Drescher, Imprevento & Walker, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Phone: 757-670-3884
Fax: 757-299-8035 Facsimile

mimprevento@breitdrescher.com
*Co-counsel for Defendant Ricky L. Edmonds*

Richard J. Serpe, Equire
The Law Offices of Richard J Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510
Phone: 757-233-0009
Fax:  757-233-0455
rserpe@serpefirm.com
*Counsel for Defendant Ricky L. Edmonds*

Fred S. Longer, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
flonger@lfsblaw.com
*Counsel for Defendant Ricky L. Edmonds*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2010, I will electronically file the foregoing Memorandum in Opposition to Plaintiff's Motion for a Briefing Schedule with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to:

Danny M. Howell, Esquire
Michael T. Marr, Esquire
Mikhael D. Charnoff, Esquire
Courtney S. Schorr, Esquire
Sands Anderson P.C.
1497 Chain Bridge Road, Suite 202
McLean, Virginia 22101
Tel.: (703) 893-3600
Fax: (703) 893-8484
dhowell@sandsanderson.com
mmarr@sandsanderson.com
mcharnoff@sandsanderson.com
cschorr@sandsanderson.com
*Counsel for Plaintiff*

Andrew Biondi, Esquire

Sands Anderson, P.C.
1111 East Main Street, 24th Floor
P.O. Box 1998
Richmond, Virginia 23218
Tel: (804) 783-7270
Fax: (804) 783-7291
abiondi@sandsanderson.com
*Co-counsel for Plaintiff*

Jeffrey H. Geiger, Esquire
Sands Anderson PC
1111 East Main Street, 24th Floor
P.O. Box 1998
Richmond, Virginia 23218-1998
Tel: (804) 783-7248
Fax: (804) 783-7291
jgeiger@sandsanderson.com
*Counsel for Plaintiff*

Richard G. Collins, Esquire
Bartlett & Spirn, P.L.C.
809 Richmond Road
Williamsburg, Virginia 23185
Tel: (757) 229-1910
Fax: (757) 229-7323
rcollins@bartlettspirn.com
*Counsel for Defendant Parallel Design & Development LLC*

                                                      /s/
                                Michael F. Imprevento, Esquire (VSB No. 23926)
                                Breit, Drescher, Imprevento & Walker, P.C.
                                1000 Dominion Tower
                                999 Waterside Drive
                                Norfolk, VA 23510
                                Phone: 757-670-3884
                                Fax: 757-299-8035
                                mimprevento@breitdrescher.com
                                *Counsel for Defendant Ricky L. Edmonds*