UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
OCT - 5 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BUILDERS MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                Action No. 4:10cv68

PARALLEL DESIGN & DEVELOPMENT LLC, and
RICKY L. EDMONDS,

    Defendants.

## PROTECTIVE ORDER AND ORDER ESTABLISHING BRIEFING SCHEDULE

Pending before the Court are plaintiff's Motion for Protective Order (ECF No. 39) and plaintiff's Motion for a Briefing Schedule for a Motion for Summary Judgment (ECF No. 41), both filed on August 13, 2010. The Court held a hearing on these motions on September 21, 2010. At that hearing, Danny Howell, Esq., and Mikhael Charnoff, Esq., appeared on behalf of the plaintiff, Builders Mutual Insurance Company ("BMIC"), and Michael Improvento, Esq., appeared on behalf of defendant Ricky L. Edmonds. No representative appeared on behalf of defendant Parallel Design & Development LLC ("Parallel"). The official court reporter was Jody Stewart.

Upon consideration of the parties' briefs in support and in opposition, and the arguments of counsel, plaintiff's Motion for a Protective Order (ECF No. 39) is GRANTED, plaintiff's Motion for a Briefing Schedule (ECF No. 41) is GRANTED, and plaintiff BMIC is hereby DIRECTED to file a motion for summary judgment with respect

to its duty to defend and indemnify Parallel against the Edmonds lawsuit, to be briefed by the parties in accordance with the schedule set forth below.

## I. BACKGROUND

This is an action for declaratory judgment, in which plaintiff BMIC seeks a declaration from the Court determining whether it owes a duty to defend and indemnify its insured, Parallel, against a separate lawsuit filed in state court by the underlying plaintiff, Mr. Edmonds, who alleges personal injury and property damage arising from Chinese drywall installed in his house. The state court action remains pending, and BMIC is defending Parallel under a reservation of rights.

On July 22, 2010, defendant Edmonds served interrogatories and requests for production directed to plaintiff BMIC. On August 6, 2010, BMIC served its written objections to the interrogatories and requests for production. The parties met and conferred but were unable to resolve the discovery dispute. On August 13, 2010, BMIC filed a motion for protective order and a motion for a briefing schedule on summary judgment.

## II. DISCUSSION

The written discovery served by Edmonds seeks production of insurer BMIC's claims and underwriting files, policy drafting history, and other information. BMIC has objected to all interrogatories and requests for production and now seeks a

protective order on the grounds that, <u>inter alia</u>, (a) the only facts relevant in this case pursuant to Virginia's "Eight Corners Rule" are the terms of the insurance policy and the allegations of the underlying complaint filed against Parallel in state court, and (b) the terms of the Total Pollution Exclusion at issue are unambiguous.

### A. Absent a finding of ambiguity, extrinsic evidence is not relevant and therefore not discoverable

A litigant "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To determine whether the information requested by Edmonds is relevant, it is necessary to consider the substantive law that will govern the Court's decision on the merits—namely, whether BMIC has a duty to defend and indemnify Parallel against the claims asserted by Edmonds in the underlying state lawsuit.[1]

---

[1] The parties frame this discovery dispute in the context of a liability insurer's duty to defend, without reference to its concomitant duty to indemnify. The Court notes that BMIC also seeks a declaration that it has no duty to indemnify Parallel in connection with the Edmonds lawsuit. (Complaint 9, ECF No. 1.) A liability insurer's duty to defend and its duty to indemnify "are separate responsibilities and the scope of coverage is different for each." <u>Morrow Corp. v. Harleysville Mut. Ins. Co.</u>, 101 F. Supp. 2d 422, 426 (E.D. Va. 2000) (applying Virginia law). But, "courts interpreting insurance policies have consistently construed the duty to defend as being broader than the duty to indemnify." <u>Id.</u> Thus, "if there is no duty to defend, <u>ab initio</u>, there can be no duty to indemnify." <u>Id.</u> at 426-27 (emphasis in original). Accordingly, the scope of relevant, discoverable facts in this case may be established with reference to BMIC's duty to defend alone.

Under Virginia law, an insurer's duty to defend "arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." Lerner v. Gen. Ins. Co. of Am., 219 Va. 101, 104, 245 S.E.2d 249, 251 (1978). "This rule, sometimes referred to as the Eight Corners Rule, requires a court to compare the four corners of the insurance policy against the four corners of the underlying complaint; if any allegations may potentially be covered by the policy, the insurer has a duty to defend." Capitol Envtl. Servs., Inc. v. North River Ins. Co., 536 F. Supp. 2d 633, 640 (E.D. Va. 2008). Under the Eight Corners Rule, the Court's review is strictly limited to the policy and the underlying complaint only. See Premier Pet Prods., LLC v. Travelers Prop. & Cas. Co. of Am., 678 F. Supp. 2d 409, 416 & n.8 (E.D. Va. 2010); America Online, Inc. v. St. Paul Mercury Ins. Co., 207 F. Supp. 2d 459, 465 & n.1 (E.D. Va. 2002).

Thus, ordinarily, the only facts relevant to a court's inquiry into an insurer's duty to defend are the terms of the insurance policy and the allegations of the underlying complaint with respect to which the insured seeks a defense from its insurer. Both the general liability policy issued to Parallel by BMIC and the complaint against Parallel filed by Edmonds were attached to the Complaint in this matter. (See Complaint Exs. 1 & 2, ECF No. 1.)

The discovery requests served by Edmonds seek additional

information, including the insurer's claims and underwriting files and policy drafting history, on the grounds that such information may help illuminate the proper interpretation and application of the insurance policy at issue. But "Virginia courts 'interpret insurance policies, like other contracts, in accordance with the intention of the parties gleaned from the words that have been used in the documents.' When the language of the 'policy is clear and unambiguous, courts do not employ rules of construction, rather, they give the language its plain and ordinary meaning and enforce the policy as written.'" Travco Ins. Co. v. Ward, --- F. Supp. 2d ----, 2010 WL 2222255, at *7 (E.D. Va. June 3, 2010) (quoting Floyd v. Northern Neck Ins. Co, 245 Va. 153, 427 S.E.2d 193, 196 (1993), and Partnership Umbrella, Inc. v. Fed. Ins. Co., 260 Va. 123, 530 S.E.2d 154, 160 (2000)). "[T]he court is not only required to begin its analysis with the language of the contract, but if such language is unambiguous, that is also where inquiry should end." W. Am. Ins. Co. v. Johns Bros., Inc., 435 F. Supp. 2d 511, 518 (E.D. Va. 2006). Only if the insurance policy is first found to be "lacking in clarity," should the court look to extrinsic evidence of the intended meaning of contractual terms. See Travco, --- F. Supp. 2d at ----, 2010 WL 2222255, at *7 (quoting Aetna Cas. & Sur. Co. v. Fireguard Corp., 249 Va. 209, 455 S.E.2d 229, 232 (1995)).

"In a civil case, . . . a party is entitled as a general matter to discovery of any information sought if it appears

5

'reasonably calculated to lead to the discovery of admissible evidence.'" Degen v. U.S., 517 U.S. 820, 825-26 (1996) (quoting Fed. R. Civ. P. 26(b)(1)). Under the substantive law of Virginia governing the interpretation and enforcement of contracts, the ultimate determination of whether BMIC has a duty to defend Parallel against the Edmonds lawsuit must be based on the "eight corners" of the insurance policy and the underlying complaint. Absent a material ambiguity on the face of the policy, the Court will not look to extrinsic evidence. Accordingly, the information sought by Edmonds is not relevant and therefore not discoverable unless Edmonds can first establish the existence of such a material ambiguity.

**B. A motion for summary judgment with respect to BMIC's duty to defend and indemnify Parallel against the Edmonds lawsuit is ripe**

Edmonds has argued that discovery is appropriate because the term "pollutants" in the policy's Total Pollution Exclusion is ambiguous, thereby making the extrinsic information regarding the interpretation and intended meaning of the Total Pollution Exclusion relevant. BMIC has argued that the Total Pollution Exclusion, including the term "pollutants," is unambiguous and therefore the extrinsic information sought by Edmonds is not relevant under Virginia substantive law and not discoverable under the Federal Rules of Civil Procedure.

While the question of whether the requested information is

6

relevant and discoverable is not itself outcome determinative, its resolution is closely related to the resolution of the merits of this case. BMIC appears prepared to argue that the claims asserted in the underlying lawsuit are excluded from coverage pursuant to the policy's Total Pollution Exclusion, and thus it has no duty to defend Parallel against the Edmonds lawsuit. Because the scope and application of the Total Pollution Exclusion, including the meaning of the term "pollutants" as used in that endorsement, appears to be squarely at the center of the merits in this case, the Court cannot conclusively resolve this discovery dispute without first considering the merits of the Total Pollution Exclusion as a defense to coverage. Moreover, in light of Virginia's Eight Corners Rule, no additional fact discovery appears to be necessary, and a determination of the merits on summary judgment with respect to the insurer's duty to defend and indemnify is now ripe.

### III. CONCLUSION

For the foregoing reasons, plaintiff Builders Mutual Insurance Company's Motion for a Briefing Schedule for a Motion for Summary Judgment (ECF No. 41) is GRANTED.

<u>Briefing Schedule</u>

Plaintiff BMIC is DIRECTED to file a motion for summary judgment with respect to its duty to defend and indemnify Parallel against Mr. Edmonds' claims, together with a memorandum supporting its contentions and containing a statement of undisputed facts as

required by Local Civil Rule 56(B). BMIC's motion for summary judgment must be filed on or before **October 19, 2010**. At a minimum, BMIC's motion for summary judgment should address the scope and application of the Total Pollution Exclusion, including whether the term "pollutants," or any other term, contained in the Total Pollution Exclusion is ambiguous. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, BMIC's motion shall be supported by affidavit, to which a true and accurate copy of any pertinent insurance policy provisions shall be appended.

Defendants shall file any responsive briefs, which should likewise comply with Local Civil Rule 56(B), on or before **November 2, 2010**. At a minimum, defendants should identify and address any material terms contained in the insurance policy that they believe to be ambiguous, including but not limited to the term "pollutants" as used in the Total Pollution Exclusion.

Plaintiff BMIC may file a rebuttal brief on or before **November 9, 2010**.

### Protective Order

Furthermore, plaintiff's Motion for a Protective Order (ECF No. 39) is GRANTED and all discovery in this case is hereby STAYED pending resolution of the forthcoming motion for summary judgment. In the event that summary judgment is denied, the parties shall promptly schedule a status conference with the undersigned to address the need for any additional discovery.

IT IS SO ORDERED.

/s/ F. Bradford Stillman
_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 5, 2010